IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
JAMES WILLIAM MARTIN,         )
                              )
          Petitioner,         )
                              )     1:14CV906
     v.                       )     1:13CR191-2
                              )
UNITED STATES OF AMERICA,     )
                              )
          Respondent.         )
```

**MEMORANDUM OPINION AND ORDER**

**OSTEEN, JR., District Judge**

Petitioner James William Martin ("Petitioner"), a federal prisoner, has brought a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. 54.)[1] The Government has filed a response (Doc. 61), and the time has run for Petitioner to reply without any such filing, even though this court allowed an extension. (Doc. 64.) The matter is now ripe for a ruling, and for the following reasons, this Petition will be dismissed. See Rule 8, Rules Governing Section 2255 Proceedings.

**I.  BACKGROUND**

In pertinent part, Petitioner was indicted for (1) conspiracy to knowingly, intentionally and unlawfully

---

[1] Unless otherwise noted, this and all further citations to the record are to the docket in the criminal case (1:13CR191-2).

distribute methamphetamine (Count One, Object One) and cocaine hydrochloride (Count One, Object Two); (2) possession with intent to distribute methamphetamine (Count Two); and (3) possession with intent to distribute cocaine hydrochloride (Count Three). (Indictment (Doc. 1).) Petitioner entered into a plea agreement by which he agreed to plead guilty to Object One of Count One, and have Object Two of Count One, Count Two, and Count Three dismissed. (Plea Agreement (Doc. 29) ¶ 5(a).)

As part of the Plea Agreement, Petitioner agreed to stipulate that the amount for which he would be accountable based on his guilty plea would be "50 grams or more of a mixture and substance containing a detectable amount of methamphetamine." (Id. ¶ 5(b).) At the change of plea hearing, Petitioner stated on the record that he had reviewed the factual basis with his counsel and had no objection to it. (Change of Plea Hr'g Tr. (Doc. 47) at 16.) He also indicated he understood and had no objection to the Plea Agreement. (Id. at 5-6.) Petitioner then pled guilty to Count One, Object One, and the Government did not oppose a subsequent motion to dismiss the remaining charges. (Id. at 15.)

At the sentencing hearing, Petitioner was sentenced to 150 months of imprisonment, representing a downward variance from

the guideline range of 168-210 months. (Sentencing Hr'g Tr. (Doc. 48) at 3, 25-30; Judgment (Doc. 38).) This court granted a variance in large part because (1) Petitioner had admitted to many of the acts and drug quantities that were incorporated into the Indictment and the Factual Basis, and (2) this court did not want to discourage defendants from giving full confessions in drug cases. (Sentencing Hr'g Tr. (Doc. 48) at 18-19.)

Petitioner appealed his sentence to the Fourth Circuit, challenging the reasonableness of his sentence. United States v. Martin, 581 Fed. Appx. 314, 314 (4th Cir. 2014) (per curiam). The Fourth Circuit affirmed, stating that Petitioner's sentence was reflective of careful consideration by this court as to both Petitioner's individualized circumstances and the need to treat similarly situated defendants in a similar manner. Id. at 315.

Petitioner then filed this Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. ("Petition" (Doc. 54).) In his Petition, Petitioner sets out two similar grounds for ineffective assistance. First, Petitioner contends that his counsel failed to object to the use of the drugs associated with Object Two of Count One of the Indictment to calculate the

guideline range at sentencing. (See id. at 4 (Ground One).)[2] Second, Petitioner contends that his counsel was ineffective for not objecting to the use of other drug amounts not in the Indictment or Plea Agreement to calculate the offense level at sentencing. (See id. at 5 (Ground Two).)

## II. LEGAL STANDARD

Both of Petitioner's alleged grounds for relief are claims of ineffective assistance of counsel during the plea bargaining and sentencing stages of the underlying proceeding. In order to prove ineffective assistance of counsel, a petitioner must first establish that his attorney's performance fell below a reasonable standard for defense attorneys, and second, that he was prejudiced by this performance. See Strickland v. Washington, 466 U.S. 668 (1984). A petitioner bears the burden of affirmatively showing deficient performance. See Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994). To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different. Strickland, 466 U.S. at 694. Petitioner is not entitled to a hearing based

---

[2] All citations to documents filed with the court refer to the page numbers located at the bottom right-hand corner of the documents as they appear on CM/ECF.

upon unsupported, conclusory allegations. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) (recognizing that to obtain an evidentiary hearing a petitioner must produce some evidence that the claim might have merit), abrog'n on other grounds recog'd, Yeatts v. Angelone, 166 F.3d 255 (4th Cir. 1999).

### III. **ANALYSIS**

For the reasons stated herein, Grounds One and Two raised by Petitioner fail both the "performance" and "prejudice" prongs of the Strickland analysis. The two grounds for relief overlap considerably,[3] and because Ground Two provides more detail than Ground One, this court will address Ground Two before addressing Ground One.

#### A. **Ground Two**

Petitioner contends that his counsel was ineffective for not objecting to the use of drug amounts for which Petitioner did not plead guilty and that were not reasonably foreseeable to Petitioner. (Petition (Doc. 54) at 5.) Specifically, Petitioner argues that his counsel should have objected to the court's use of cocaine hydrochloride and marijuana quantities, in addition to the amount of methamphetamine for which

---

[3] Because Petitioner's grounds for the claim of ineffective assistance are so similar, this court's explanation in each of the following subsections applies equally to both grounds.

-5-

Petitioner pled guilty, in calculating the offense level for purposes of sentencing, because these drug quantities were attributable to the dismissed object of the conspiracy count and dismissed counts within the Indictment. (See id.) This argument fails for several reasons.

First, Petitioner's argument that he did not plead guilty or admit to the hypothetical 3,456.21 kilograms of marijuana used in calculating his offense level runs contrary to the Sentencing Guidelines. The Drug Equivalency Tables found in the Sentencing Guidelines "provide a means for combining differing controlled substances to obtain a single offense level." USSG § 2D1.1, cmt. n.8(B). Where, as here, the offense involves multiple controlled substances, the Drug Equivalency Tables provide a means to convert all relevant quantities of substances into a single number, expressed in kilograms of marijuana. See id. The Sentencing Guidelines equate one gram of cocaine with 200 grams of marijuana and one gram of methamphetamine with twenty kilograms of marijuana. See id., cmt. n.8(D). The 3,456.21 kilograms of marijuana cited in the Presentence Report and used for the purposes of calculating Petitioner's sentence, for example, is a product of multiplying the admitted quantities of cocaine hydrochloride and methamphetamine by these marijuana

equivalencies and then adding those values together. Thus, the guideline calculation was not alleging that Petitioner sold 3,456.21 kilograms of marijuana but merely used this figure as a way to calculate Petitioner's guideline range based on the sale of multiple controlled substances.

Second, the inclusion of the cocaine hydrochloride quantities into the guideline calculation, in addition to the methamphetamine, is consistent with the Sentencing Guidelines' treatment of relevant conduct. Relevant conduct frequently encompasses a broader range of conduct than the conduct underlying the offense of conviction. United States v. Newsome, 322 F.3d 328, 339 (4th Cir. 2003). In calculating a sentence, a court is to consider "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant." USSG § 1B1.3(a)(1)(A). In the case of jointly undertaken criminal activity, a court is to consider "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." Id. § 1B1.3(a)(1)(B). A jointly undertaken criminal activity is defined as "a criminal plan, scheme, endeavor, or enterprise undertaken by the defendant in concert with others, whether or not charged as a conspiracy." Id. § 1B1.3, cmt. n.2. When

offenses involve controlled substances, the defendant is accountable for all quantities of contraband that he was directly involved with and, in the case of a jointly undertaken criminal activity, all foreseeable quantities of contraband that were within the scope of the jointly undertaken criminal activity. Id.

Here, Petitioner's drug enterprise, which he conducted out of his residence over a period of approximately six months in conjunction with his two co-conspirators, is a jointly undertaken criminal activity. Thus, any drugs involved in Petitioner's drug enterprise that Petitioner dealt with directly or that were reasonably foreseeable to him can be relevant conduct for purposes of sentencing. The Presentence Report provides that Petitioner and his co-conspirators sold or possessed with intent to sell 46.86 ounces of methamphetamine and 140.57 ounces of cocaine hydrochloride. These drug amounts were reasonably foreseeable to Petitioner because (1) he admits to selling or possessing with intent to distribute substantial portions of this contraband; (2) his co-conspirators were selling these quantities with Petitioner's knowledge; and (3) he stored much of this contraband and the proceeds from the selling of this contraband in his residence or a safe owned by

Petitioner that he kept in his parents' home. (See Factual Basis (Doc. 28) at 1-5.)[4] Therefore, it was consistent with the Sentencing Guidelines to incorporate these drug quantities into the guideline calculation.

Petitioner argues that he did not plead guilty or admit to distributing or possessing with intent to distribute the other drug quantities that led to his base offense level of 34. Accordingly, he asks for this court to resentence him "for the drug amount in Count 1 Object 1 [for] which I pled guilty," (Petition (Doc. 54) at 13), which would be an offense conduct calculation of 26 based on at least 50 grams but less than 200 grams of methamphetamine. See USSG § 2D1.1(c)(7) (2011). However, based on the Sentencing Guidelines' treatment of relevant conduct, Petitioner's plea to specific crimes does not influence the guideline calculation in his case. Therefore, an objection to the inclusion of the cocaine hydrochloride amounts

---

[4] These admissions are reflected in the Factual Basis, which Petitioner has adopted. (See Change of Plea Hr'g Tr. (Doc. 47) at 16.) Petitioner does not appear to be challenging his earlier statements or his adopting of those statements during the Rule 11 colloquy. Nonetheless, any attempt by Petitioner to challenge the content of the Factual Basis would be "palpably incredible," "patently frivolous or false," and subject to summary dismissal because Petitioner said under oath that he agreed with his admissions in the Factual Basis. See United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005) (internal quotation marks omitted).

-9-

in calculating Petitioner's sentence would have been futile, and Petitioner's counsel was not ineffective based on his decision not to object to the other drug quantities.

Furthermore, Petitioner's counsel alleges that he warned Petitioner of the risks related to challenging the drug amounts with knowledge that the amounts were based on Petitioner's prior statements. (See Government's Resp., Ex. 2, Aff. of Mark E. Edwards (Doc. 61-2) ¶ 7.) According to counsel's affidavit, he informed Petitioner that objecting to the drug quantities would require Petitioner to testify at sentencing that his initial statements to law enforcement officers were false, which could have resulted in a loss of Petitioner's three-level reduction for acceptance of responsibility in addition to a possible enhancement for obstruction of justice. (Id.) This is a valid strategic decision by counsel, and this court will not second-guess his conduct. There is a strong presumption of reasonable professional assistance under Strickland, and this Court finds no reason to give less than the "heavy measure of deference" to counsel that Strickland provides. See Strickland, 466 U.S. at 689-91.

Additionally, this court notes that it also granted a downward variance from the recommended guideline imprisonment

range of 168-210 months to 150 months based on the belief that confessions should be encouraged rather than discouraged and that it should give credit that the relevant drug amounts were derived from Petitioner's confession to authorities. (Sentencing Hr'g Tr. (Doc. 48) at 18-19.) Had an objection been made and had Petitioner disavowed those statements accepting responsibility, this court would likely not have varied downward. Considering the negative implications that would have resulted from disavowing his previous statements, counsel was not deficient in deciding not to object to the drug quantities that were drawn from Petitioner's statements.

Therefore, this court finds counsel's representation of Petitioner during both the sentencing and plea bargaining stages did not fall below the reasonable standard of performance for defense attorneys, and as such, Ground Two of Petitioner's claim - and Ground One, to the extent it overlaps - fails.

Having found counsel's representation was not deficient, it is not necessary to determine whether Petitioner has met the second Strickland prong, which is whether Petitioner would not have pled guilty but for counsel's allegedly incompetent performance. See Missouri v. Frye, 566 U.S. ___, 132 S. Ct. 1399 (2012); Lafler v. Cooper, 566 U.S. ___, 132 S. Ct. 1376

-11-

(2012). Nonetheless, this court notes it is unlikely that Petitioner would have pled "not guilty" had his counsel provided a different explanation of relevant conduct. A "not guilty" plea would have exposed Petitioner to liability for the other counts in the Indictment and, consequently, consecutive sentences if found guilty of any or all of the distribution counts that ran parallel to the conspiracy count, to which Petitioner pled guilty. Therefore, Petitioner has failed to show that counsel's allegedly deficient performance affected the result of the proceeding and thus would fail both prongs of the <u>Strickland</u> analysis.

**B.  <u>Ground One</u>**

Petitioner's other ground for claiming ineffective assistance is based on counsel's failure to object to Object Two of Count One, which was for conspiracy to distribute cocaine hydrochloride. (Indictment (Doc. 1); Petition (Doc. 54) at 4.) Similar to Ground Two, Petitioner seems to contend that the cocaine hydrochloride charge should not have been considered in the sentencing. (Petition (Doc. 54) at 4.) As explained above, relevant conduct principles permit the consideration of all drug amounts that were directly involved in a defendant's criminal activity or that a defendant could reasonably foresee.

-12-

Therefore, if Petitioner is claiming that the sale of cocaine hydrochloride alleged in Object Two of the conspiracy charge should not have been used in determining his sentence, his argument fails for the same reasons that Ground Two failed.[5] Thus, Ground One fails both prongs of the Strickland analysis.

Petitioner also claims in Ground One that "the probation officer calculated petitioners [sic] base level off of an erroneous probation officers [sic] calculations." (Id.) Based on this statement, it appears that Petitioner is arguing that this court made an error in applying the Sentencing Guidelines, resulting in a longer sentence than would be permissible under the Guidelines. (See Mem. of Law in Supp. of Petition (Doc. 55) at 3.) However, this claim is also without merit. The Fourth Circuit has held that petitioners may not allege an error in application of the Sentencing Guidelines in a § 2255 proceeding, absent extraordinary circumstances. United States v. Pregent, 190 F.3d 279, 283-84 (4th Cir. 1999). Petitioner has presented no such "extraordinary circumstances" that would allow Petitioner to make an argument about his offense level

---

[5] Furthermore, objection to Object Two of Count One at sentencing would have been unnecessary, as this object of the conspiracy was dismissed as part of the Plea Agreement that Petitioner signed. (Plea Agreement (Doc. 29) ¶ 5(a); J. (Doc. 38) at 1.)

-13-

calculation.  In light of Petitioner's unsuccessful appeal to the Fourth Circuit, his contention of erroneous application of the Sentencing Guidelines is the type of re-casting and re-litigating of an issue that cannot be done in this court.  See United States v. Boeckenhaupt, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam).

Accordingly, this court finds that the performance of counsel both in advising Petitioner as to the Plea Agreement he accepted and during the sentencing phase of the underlying proceedings did not fall to the level of ineffective assistance.  Moreover, to the extent that Petitioner makes an argument that his counsel was ineffective for not appealing any of the issues presented in the Petition, (see Petition (Doc. 54) at 5 (Ground One, Question 7)), that claim would also lack merit.  Because Petitioner's claims lack merit and are conclusory, Petitioner is not entitled to an evidentiary hearing on this matter.  See United States v. Cronic, 466 U.S. 648 (1984).  Therefore, his petition will be dismissed.

## IV.  **CONCLUSION**

**IT IS THEREFORE ORDERED** that Petitioner's Motion under § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 54) is

**DENIED** and that this case is **DISMISSED** without an evidentiary hearing.

A judgment dismissing this action will be entered contemporaneously with this Memorandum Opinion and Order. Finding no substantial issue for appeal concerning the denial of a constitutional right affecting the conviction, nor a debatable procedural ruling, a certificate of appealability is not issued.

This the 20th day of July, 2015.

/s/ William L. Osteen, Jr.
_____
United States District Judge